IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20310
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARK ANTHONY CHRIESTMON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-95-193-2
- - - - - - - - - -
May 1, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Chriestmon has appealed his sentence, based on a guilty plea, of possessing cocaine base with intent to distribute it. There is no merit to his contention that he was denied an opportunity to render substantial assistance to the Government, which would have entitled him to a motion for a downward departure from the range provided by the Sentencing Guidelines. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc),

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

cert. denied, 115 S. Ct. 1266 (1995).  Furthermore, the provision in the plea agreement that the Government had complete discretion whether to file a U.S.S.G. § 5K1.1 motion for leniency did not nullify the plea agreement.  See United States v. Price, 95 F.3d 364, 367-68 (5th Cir. 1996).

Chriestmon is not entitled to relief on grounds that the Government failed to prove that the cocaine base involved was crack cocaine.  See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995) (adoption of the presentence report by the court); Calverley, 37 F.3d at 162-164 (plain error standard).  Finally, Chriestmon's contention that his sentencing under the enhanced-penalty provision for cocaine base denied him due process lacks merit because one panel of this court cannot overrule an earlier panel decision.  See United States v. Fike, 82 F.3d 1315, 1326 (5th Cir.)(citing precedent upholding crack/powder discrepancy in sentencing guidelines), cert. denied, 117 S. Ct. 241, 242 (1996), 65 U.S.L.W. 3631 (1997); Brown v. United States, 890 F.2d 1329, 1336 (5th Cir. 1989).

JUDGMENT AFFIRMED.